```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                    :
KENNETH A. PORAY,                   :  CIVIL ACTION NO. 06-2701 (MLC)
                                    :
      Plaintiff,                    :     MEMORANDUM OPINION
                                    :
      v.                            :
                                    :
ALTIMATE DISCOUNT MORTGAGE,         :
et al.,                             :
                                    :
      Defendants.                   :
                                    :
```

**THE COURT** ordering the parties to show cause why (1) the complaint insofar as it purportedly asserts claims for relief under federal law should not be dismissed, and (2) the action insofar as it concerns the remaining state law claims should not be remanded to state court for lack of jurisdiction under 28 U.S.C. § ("Section") 1331, see 28 U.S.C. § 1367(c)(3) (dkt. entry no. 17); and the plaintiff bringing this action in state court to recover damages "pursuant to the New Jersey Consumer Fraud Act" ("NJCFA") (Compl., at 1); and the plaintiff asserting in support of the NJCFA claim that the defendants violated the Federal Real Estate Settlement Procedures Act ("RESPA") and Federal Truth In Lending Act ("TILA") (id. at 6); and the defendants removing the action, and alleging jurisdiction under Section 1331 based on the allegations asserting RESPA and TILA violations (Rmv. Not., at 3); and the plaintiff, in response to separate motions to dismiss the complaint, asserting the complaint:

> alleges that the Defendants violated the [NJCFA]. As evidence of the "unlawful" practices required by the

> [NJCFA], the Complaint cites four state and federal laws that the Defendants also violated. The Plaintiff does not assert causes of action under those four laws outside of his claim under the [NJCFA]

(dkt. entry no. 12, Pl. Br., at iv; dkt. entry no. 13, Pl. Br., at 1); and the plaintiff asserting further that the:

> Defendants have moved for dismissal of any claims under four statutes: RESPA, TILA, the New Jersey Licensed Lenders Act, and the New Jersey Home Ownership Security Act. The Plaintiff has not asserted any causes of action against the Defendants on the basis of those statutes, nor has he sought any relief on the ground that the Defendants violated those four statutes. . . . The Complaint alleged violations of the four statutes as a means of establishing "unlawful" practices as required by [the NJCFA]. Although the Plaintiff continues to assert that the Defendants violated the four cited statutes, he declines to assert a cause of action under any of them that is separate from his [NJCFA] claim

(dkt. entry no. 12, Pl. Br., at x-xi; dkt. entry no. 13, Pl. Br., at 7-8); and

**IT APPEARING** that the plaintiff seeks no relief under federal law; and it appearing that a plaintiff is "the master of the claim" under the well-pleaded complaint rule, Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); and it appearing that the references to federal law do not give rise to jurisdiction under Section 1331, see Fran. Tax Bd. v. Constr. Lab. Vac. Tr., 463 U.S. 1, 9-12 (1983); and it appearing that federal law does not "create[] the cause of action" here, id. at 27-28; and

**THE COURT** having reviewed the defendants' arguments asserted in support of the separate motions to dismiss that there is

"arising under" jurisdiction under Section 1331 here because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law" (dkt. entry no. 14, Bryce & McKenna Reply Br., at 3 n.1); and it appearing that the argument is without merit, as the plaintiff's claim "does not fit within th[at] special and small category," and "it takes more than a federal element to open the 'arising under' door," Empire Healthchoice Assur. v. McVeigh, 126 S.Ct. 2121, 2136-37 (2006) (quotes and cite omitted); and it appearing further that the mere incorporation by reference of federal law into a state law claim does not transform it into one presenting a federal question, Hunter v. Greenwood Trust Co., 856 F.Supp. 207, 214 (D.N.J. 1992) (granting motion to remand NJCFA claim to state court, even though complaint cited Federal National Bank Act and Federal Depository Institutions Deregulation and Monetary Control Act), see JVC Ams. Corp. v. CSX Intermodal, 292 F.Supp.2d 586, 592 (D.N.J. 2003) (stating action should be remanded when federal law merely referenced or mentioned in claim); and

**THE PLAINTIFF**, in response to the Court's order to show cause, consenting to remand because (1) he seeks no damages pursuant to TILA or RESPA, and (2) the NJCFA claim "can proceed without the Defendants having to be found in violation of RESPA [or] TILA," e.g., a court can find a defendant violated NJCFA based on "unconscionable" conduct (dkt. entry no. 19, Pl. Br., at

1 & 4); and the Court having carefully reviewed the defendants' arguments against remand in their response to the order to show cause (dkt. entry nos. 18 & 21); and the Court finding them to be unpersuasive; and the defendants inviting the Court to continue to exercise supplemental jurisdiction over the state law claims here (dkt. entry no. 18, Bryce & McKenna Br., at 3-4); but the Court, in the Court's discretion, intending to decline this invitation, see 28 U.S.C. § 1367(c)(3), Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999); and the Court noting that no principles of economy would be served by permitting the action to proceed in this Court, as (1) the action was here for only three weeks before the defendants separately moved to dismiss the complaint, and (2) a conference pursuant to Federal Rule of Civil Procedure 16 has yet to be conducted; and

**THE COURT** thus intending to (1) grant the order to show cause, (2) dismiss the complaint insofar as it purportedly asserts causes of action under federal law, and (3) remand the action insofar as it concerns the remaining state law claims; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                  s/ Mary L. Cooper    
                                                **MARY L. COOPER**  
                                                United States District Judge